*Walter March,* for the appellant.

*J. S. Buckles,* for the appellee.

---

## Corbin and Others *v.* Flack.

Where the ground of a defense is alleged false representations, made to induce the defendant to execute a note, it is not competent for him to prove that the same representations were made to another, in order to show that they were made to him, because representations, which had no effect in procuring the execution of the note, would be inoperative.

APPEAL from the *Marshall* Circuit Court.

HANNA, J.—Suit on a promissory note. Answer by *Corbin* and *Howe,* two of said defendants, in substance : That they were sureties only; that their signatures were obtained by the fraud of the principals, in this, in their representations and assurances that ten other responsible persons should sign the same, as sureties, before it should be put in circulation; and that on this condition, said defendants signed said note; but that it was in fraud, etc., put in circulation by delivery to the said payee, who had notice of the condition upon which it was signed. Reply in denial. Trial; verdict, and judgment for the plaintiff. Motion for new trial overruled.

It is assigned for error, that the Court erred in its ruling on refusing evidence, in instructing the jury, and in refusing a new trial.

One *Thompson* testified that he had been applied to, by the principal defendant, in the presence of the agent of the plaintiff, to sign the note, and certain representations were made as to the number of signatures that were to be obtained. He did not sign. The evidence was excluded, except so far as it tended to show notice to the plaintiff, etc. This ruling is complained of. We think it was right, for the representations that were made to one person, who did not execute the note, were not sufficient to show that the same were used to those who did, even if proof of such representations having been made in repeated instances, to various persons, would have had that tendency, of which we need say nothing.

The instructions are complained of. They are in substance:

*First.* That a note, executed upon the condition named, would not be binding if the person to whom it was passed had notice.

*Second.* That without such notice it would be binding

*Third.* That if signed under such representations, and with such notice, still it would be binding, unless the signature was made and to become binding upon the condition named.

There is nothing said about fraud.

The second instruction is complained of. It is not necessary that we should pass upon it, for the reason that the jury found, in answer to special interrogatories, in substance, that the note was not signed by defendants upon conditions. While that finding stands, of course it was not material whether there was any notice or not to the plaintiff, for indeed there was nothing to notify him of. The mere representations made, if they had no effect in procuring the signature, would be inoperative.

*Per Curiam.*—The judgment is affirmed, with two per cent. damages, and costs.

*Newcomb* and *Tarkington*, for the appellants.

*J. Bradley*, for the appellees

